Good morning, Your Honors. Christopher Rehnke on behalf of the appellant Colin Bosby. And before I start, Your Honors, I'd like to point out, unfortunately, the office omitted, I believe in the table of contents, the second issue in regards to the review of Mr. Bosby's sentence in light of the recent Supreme Court cases and Amyline 2. So that should be noted as starting on page 18, I believe, of appellant's opening brief. So my apologies for omitting that. I think to begin, Your Honor, may it please the Court, I think to begin, the arguments are pretty straightforward in this matter. I think the central issue in this case relates to how overbroad the condition of supervised release is in relation to the computer. Finally, was there no objection made to this condition? But it appears to me from the record that your side acquiesced in or agreed to the condition. We have no additions or corrections. I would like to refer to one special condition we did not file an objection on. We're not asking for a different order at this time. But why shouldn't we regard that not simply as just forfeiture, but as acquiescence in the condition? I think that the Court says here's the way to make sure you don't trip over any landmines in this thing, and you walk out of court and say fine. Sure. Sure. And why should we hear you now on appeal, given that language? We would concede at this time that certainly there wasn't on its face an obvious objection. I think the comment made by counsel to the lower court at the time. Stronger than no obvious objection, you said okay. Well, I think his comments in the beginning relate to substantive objection. Though he later conceded at the time let's just get through it, let's take care of the sentence. Well, in addition to that, the district court made it very clear that you come back into the district court if there was a problem with it, right? Yes. Yes. And I assume that hasn't happened. Okay. Right? Right. Well, I'm going to ‑‑ I think that Mr. Bosby's position is that while unfortunately we can't change the underlying record, I think it's important that this Court recognize that there was a problem, counsel stated the problem on the record that he had an issue with the fine, narrow issue of how overbroad the condition of supervised release was in terms of computer usage. And I think it's incumbent upon this Court to err on the side of caution and see it as an objection. I just don't understand. The defense counsel says I've had discussions with the probation office and I understand, we understand that once a person is placed on supervision that these terms may be modified. We're not asking for a different order at this time, but I wanted to just generally express concern in this area. Super. So he said he's generally expressed concern and he can go into the probation office to get a modification of the terms, which is, of course, true. Yes. So what's the problem? I think the problem, Your Honor, is that, you know, reading between the lines and understanding the process in its entirety, I think you look back and it qualifies as an objection, though it's not specifically stated. I would like to err on the caution. Either objection. Perhaps I'm making a slightly different point. In addition to the absence of an objection, there's an express recognition that the route to take is to get the probation office or the district court to modify a term of condition of supervised release, isn't it? Sure. I mean, I still get them 20-some-odd years later. I mean, it's not a big deal to go in and ask for a modification of a term of supervised release to take account of a changed circumstance or if this condition keeps him from doing something he needs to do to go in and say so. I think the problem with that at this point is very clear what probation is going to do after he is released, Mr. Bosby's term. The condition won't be changed. What are you asking us to do? What I am asking you to do is this is, I think, a larger issue than Colin Bosby himself. You're asking us to outlaw these conditions. Is that what you're asking us to do? I'm asking you to address the issue so that in light of today's computer age and the dependency of the computer and online access in today's society, and 2008 is when I believe he's going to be released, you can imagine our dependence then. I think it's important that this Court address the problem now because this is a standard. Okay. You can address the problem, but you have to get into the right pew. You're in the church. Get in the right pew. If you have not, if this is not an objection, then you have to show plain error. Now, how would you argue that there was plain error for the judge to provide this total ban? Well, I think it's plain error because the condition is obviously overbroad. It's not reasonably related to the function of the statute in and of itself. I think that the reason why it's overbroad and it's not reasonably related, because there are alternative options in restricting Mr. Bosby's post-incarceration terms of his supervised release. I think it, like I said, in today's computer age, you look at, there are several ways in which you restrict the sites that he visits. I think there are several ways in which probation is allowed to go to the Internet ISP and talk with them. Mr. Bosby could sign a waiver. Well, that's swell. And if that pitch had been made to the district court, maybe the district court would have bought it. I think, again. I don't understand how there's plain error. He had 600 pornographic images involving kids on his computer and in his hotel room. And why isn't it reasonably related as a matter of plain error? Why would we look at it and be horrified? I think taking the condition that says you can't use your computer anymore. Yes, ma'am. I think if you look at it, a blanket rejection of allowing him to use his computer, especially in today's age and the technology at the time, you know, there are a lot of other ways and lawful means for this individual to use a computer. And a driver from driving a car in an age of automobiles? To a certain extent, of course. Completely. Or you can take a personal license away. Sure. Of course. Can you tell an armed robber no more guns, notwithstanding the Second Amendment? Well, I think. And down the line. There are examples. And conversely, on the other hand, there are examples of, you know, mail fraud. Are we going to not allow the individual to mail letters? You know, a bank robbery? Are we not allowed to allow the individual? Well, if it were mailing mail bombs, maybe yes. Sure. In that instance. But simple wire fraud, you're talking about, you know, the mail. I think there are a lot of examples on both sides. What I am focusing on, I think, is considering where we are today with computers. There's appropriate and reasonable ways in which probation could easily restrict online access. The ISP could easily restrict the websites he visits. I think if you take his ability to function in society because we're so dependent upon computers, I think that's a problem towards rehabilitation. I think it's important beyond this specific case that the court address this issue because this is a standard term of supervised release. There are millions, millions of people in this country still who never go near a computer and their lifestyle is just fine. I think that I would have to disagree with that. I think there are many more individuals that rely on computers on a day-to-day basis, the younger generation. I think we need to focus on the fact that Mr. Bosby is going to be limited from trying to interject himself and participate in society. Because computers are important to his life, I can't ‑‑ it's hard to think of a situation where ‑‑ Computers were important to his life for one purpose. And for that purpose, he can't use his computer. Right. I think that ‑‑ I mean, there you are. But there's no other indication. Well, I think technology ‑‑ I'm sorry, Your Honor. No, I mean, that's the problem with not having made an objection in the district court. He perhaps could have said, look, my business requires me to use computers. Maybe he could have said I've got all my financial data on a computer. He could have said all sorts of things, possibly. Then you get a drive only for business purposes condition. He didn't say a thing. Right. All we know about his use of the computer is that it was used to have pornographic images of children. Illegally. Let's assume for the purpose of argument that there is no clear objection. I think the plain view error in this case is that it's unreasonably broad because you can use certain things as a cell phone, an ATM. It could possibly be in violation of the terms and conditions of release because all of those things have online access. I think ‑‑ For that he needs to sit down with his probation officer and get a clear understanding of what he can do and what he can't do. Again, I'm going to conclude. I think it's important that this Court at least address this issue because it's so common. I think there are more ways to restrict it in a reasonable way, a narrower term of condition of release. Thank you, Your Honors. Thank you. Good morning. John Conklin to the United States. I think this Court has appropriately recognized that the district court was placed essentially in an untenable position. Defense counsel not only failed to object to the condition, defense counsel invited the court to accept the condition because the defense counsel said we are not asking for a different order. What else was the court to do? Defense counsel then expressed concern about the condition, and as this Court has appropriately recognized, even the defense acknowledged that the defendant had an appropriate remedy. He could approach his probation officer, his supervised release officer after release and, if need be, approach for a modification of the conditions, which, while I must disagree with my colleague, happens every day and is quite commonly allowed, assuming the appropriate basis is provided to the court. I don't know how we're going to write an opinion based upon your knowledge or his knowledge of what happens every day. Of course not, Your Honor. I think the issue, as it's framed by our questions, is whether or not this is plain error. Has the Ninth Circuit yet decided whether a total ban on the use of computer is appropriate? No, Your Honor. The Ninth Circuit has addressed, and I apologize for not including the case in my brief and I will apply, provide the appropriate 28J letter to the court. The closest I have seen is in United States v. Rearden at 349, Fed 3rd, 608, where the court addressed a similar condition and accepted the condition and determined it was not unreasonable. Similar condition of what? Of not allowing the defendant to access or obtain or possess a computer that accessed the Internet in the case involving the exploitation of children. In this case, the error, as this Court has acknowledged, based upon, even if this Court were to find this is a waiver issue, and I would argue it's not a waiver issue, it's an invitation issue, and the court cannot be faulted for what it did, but if the court were to get to the plain error analysis, is this clearly an unreasonable and overbroad term? It's not. Did you say that Rearden was a complete ban? Rearden allowed the defendant with the permission of his probation office. No, it wasn't a complete ban. That's correct. It's the closest I've been able to find. It's a complete ban. The way this term is, it's a complete ban. And so my question to you is, have we yet passed on a complete ban for the use of a computer? No, we have not. How about the other circuits? I'm aware of a case, and again, I can provide these in 28J letters. I'm not aware of any other circuit that's addressed a complete ban. There are cases out of the 11th, 10th, and 5th Circuit that have come close to addressing the issue. Well, the Holm case of the 7th Circuit is a complete ban, and it turned it over. The 2nd Circuit has turned it over. There's two other circuits that said it's okay with the addition of going to the probation officer for permission. So it would seem that the 9th Circuit has not held on complete ban, but all of the other circuits have held that it's inappropriate to have a complete ban. Doesn't it come pretty close to plain error? Well, I guess if I could answer the Court's questions in two ways, and while this might appear to be an easy way out, this is not the case to decide that issue, given the approach defense counsel took. But to answer the Court's question directly, no, it is not a plain error, because it is appropriate for the district court to consider the circumstances of the defendant. The fact that has not been discussed in this case is that Mr. Bosby had a prior conviction for child molest. In this case, therefore, the Court is confronted with a defendant who has a prior conviction for sexually exploiting children. He has a current conviction for possessing material that sexually exploits children, which in and of itself is exploitation of children. Therefore, the Court had a – was completely reasonable in looking at Mr. Bosby and saying, you have established, based upon not only your prior criminal conduct, but by your conduct in this court, in this case, that you will exploit children at any opportunity you get. The holding that he made is it? Pardon me? That is not the holding the district court made. No. The reasoning of the district court. And in the other cases, they said that it has to go to the probation officer who can make the decision, that you don't get to use it, but that a complete ban is inappropriate. Finally, Second Circuit went even further and said you couldn't even do it with a complete line of the probation department permission because there's other ways of checking it. What I'm suggesting to you is that the complete ban seems to be out of the swing of every case that's been decided outside this circuit, and we haven't decided it yet. So my question to you, doesn't that come pretty close to plain error? It may come close to plain error, Your Honor, but I don't think it crosses that line, especially in this case. And this is, I would disagree with the court's perception, the court's description of this as a complete ban. The court made it clear, even the defense acknowledged, that the defendant could go back to his office and ask for a modification. So the court is not saying you can't even modify it. But where did the court say that? The attorney said we're going to go back. The court didn't say you can go back. That would have been, there would not have been a ban then. Your Honor, I believe the court said in the sentence, if I may have just a moment. Is that in the judgment? If you have any questions or concerns at all, you might want to talk to the probation office about that. Is that in the judgment? It's in the sentencing transcript. It's not in the judgment. It's in the transcript of sentencing. Isn't it, Mr. Coyne, isn't that, I guess I have a slightly different view of this. Isn't it just an implicit assumption that any order of supervised release is subject to modification upon request? Well, yes, it is, unless the court were to say you can't modify it. I'm not going to go back into this just to say if there is a problem about, if there's any difficulty about whether it could be construed that way, just implicitly construed that way. And that's the precise discussion the parties had at the sentencing hearing. They acknowledged that opportunity. And the defense, again, rather than saying, well, Your Honor, my client can't come in and get modification, acknowledged he could get modification. The defendant was present. The court asked the defendant if he understood his terms and conditions, and he acknowledged that he did. You don't have to worry about us finding Reardon. I think Judge Reimer wrote it. Thank you, Your Honor. I appreciate that. It's right up here. The only other issue that came up before the Court was the Ameline issue. And I'm not that strong a swimmer, so I would agree the matter could be or should be remanded to the district court for reconsideration as to whether or not the Court would impose the same sentence. If there's no further questions from the Court, I'll submit. Thank you. Thank you.
judges: Wallace, Trott, Rymer